IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TAYLO JAULIAN GONZALEZ PORTILLO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MARKWAYNE MULLIN, SECRETARY, | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY, ET AL; TODD LYONS, ACTING | § | |
| DIRECTOR, U.S. IMMIGRATION AND | § | CIVIL ACTION NO. 9:26-CV-00341 |
| CUSTOMS ENFORCEMENT (ICE); | § | JUDGE MICHAEL J. TRUNCALE |
| MARCOS CHARLES, ACTING EXECUTIVE | § | |
| ASSOCIATE DIRECTOR, ICE AND | § | |
| REMOVAL OPERATIONS; TODD | § | |
| BLANCHE, U.S. ATTORNEY GENERAL | § | |
| WARDEN, IAH SECURE ADULT | § | |
| DETENTION FACILITY, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Taylo Jaulian Gonzalez Portillo ("Gonzalez Portillo")'s Petition

for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Taylo Jaulian Gonzalez Portillo is a Foreign national. "Recently," the United States

Immigration and Customs Enforcement ("ICE") detained Gonzalez Portillo. *Id.* at ¶ 14.

On May 13, 2026, Gonzalez Portillo brought a habeas corpus petition, claiming that his

detention violates the Fifth Amendment to the United States Constitution and the Administrative

Procedure Act ("APA"). [Dkt. 1].

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

1

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Detention Pending Removal Proceedings

Gonzalez Portillo challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1]. His challenge is misplaced, since at least two sections of the INA— section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Gonzalez Portillo is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

### B. Due Process

Gonzalez Portillo also argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Gonzalez Portillo were

2

correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Gonzalez Portillo's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Gonzalez Portillo's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Gonzalez Portillo's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Gonzalez Portillo's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Gonzalez Portillo's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820– 21. If a violation of federal law occurred, it was not by way of Gonzalez Portillo's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Gonzalez Portillo to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

## C. APA

Gonzalez Portillo argues that the Government violated the APA by failing to consider mitigating factors such as "prior compliance and history of release." [Dkt. 1 at ¶ 44]. The Court lacks jurisdiction to decide the merits of Gonzalez Portillo's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Gonzalez Portillo's prior compliance, history of release, or other special statuses do not retroactively make his illegal entry lawful. Because Gonzalez Portillo is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Gonzalez Portillo must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## IV. CONCLUSION

It is therefore **ORDERED** that Gonzalez Portillo's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge

4